## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARTHA ANDREWS and
LEONARD ANDREWS,                    CIVIL ACTION

           Plaintiffs,          No.:  1:21-cv-00869-YK

v.

D2 LOGISTICS, INC. and
DWAINE GIBSON,

    Defendants.

## BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS & RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT

Defendants, Dwaine Gibson and D2 Logistics Inc., by and through their counsel, Pion, Nerone, Girman, Winslow & Smith, P.C., hereby submit the following Brief in Support of Rule 12(b)(6) Motion to Dismiss & Rule 12(e) Motion for a More Definite Statement:

## PROCEDURAL HISTORY

On or about April 1, 2021, Plaintiffs filed their Complaint in the Court of Common Pleas of Allegheny County. On April 23, 2021, counsel for Defendants entered their appearance, and on May 7, 2021, Defendants removed the case from the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania. By Order of Court dated May 11, 2021, Judge Nora Barry Fischer, *sua sponte*, effectuated a discretionary transfer of this

matter pursuant to both 20 U.S.C. § 1406(a) and § 1404(a). Defendant now bring this Motion to Dismiss pursuant to Rule 12(b)(6).

### STATEMENT OF FACTS

This case arises out of a motor vehicle accident that occurred on September 19, 2019, on southbound Interstate 81 in Dauphin County, Pennsylvania. *See* Plaintiffs' Complaint at ¶ 7, attached to the Motion as **Exhibit A**. Plaintiffs alleged in their Complaint that Defendant Dwaine Gibson was traveling northbound on Interstate 81. *Id.* at ¶ 8. Plaintiffs further alleged that Defendant Dwaine Gibson made a U-turn on the cross-median, meant to be used for emergency turnarounds only, then proceeded southbound on Interstate 81. *Id.* After making the U-turn, Defendant Dwaine Gibson crossed the left-hand lane and attempted to immediately enter the right-hand lane. *Id.* at ¶ 9. Plaintiff Leonard Andrews did not have any time to stop his vehicle and collided with Defendant Dwaine Gibson's truck/trailer. *Id.* at ¶ 11.

Plaintiffs asserted claims of negligence against Defendant Dwaine Gibson and his employer, D2 Logistics Inc. Specifically, Plaintiff Martha Andrews alleged the following against <u>Dwaine Gibson</u> in Count I:

> 15. The Plaintiff's injuries and damages are a direct and factual result of the negligence and **reckless indifference** to others conduct of Defendant Dwaine Gibson as follows (sic):
> > a.  In making an illegal U-turn using a cross-median for emergency turnarounds;
> > b.  In making an improper entrance to the highway;

2

    c.  In failing to pay proper and reasonable attention to other vehicles on the road;

    d.  In failing to follow the rules of the road;

    e.  In driving into the Plaintiff's lane of travel;

    f.  In causing the collision with the Plaintiff's vehicle; and

    g.  In otherwise failing to exercise reasonable care and caution under the circumstances.

***

18. Defendant Dwaine Gibson's conduct on or about September 30, 2019 was **outrageous as he acted in a malicious, wanton, willful, and/or oppressive manner**. Moreover, Defendant Dwaine Gibson's conduct showed a **reckless indifference to the interests of others**. Thus, Plaintiff seeks punitive damages against Defendant Dwaine Gibson.

*Id.* at Count I (emphasis added). Plaintiff Leonard Andrews repeated these same allegations, verbatim, against Defendant Dwaine Gibson in Count III.

In Count II, Plaintiff Martha Andrews asserted allegations of negligence against D2 Logistics Inc. as follows:

20. Defendant, D2 Logistics Inc., by and through its servants, agents, and/or employees, was negligent, careless, and/or **reckless** in the following particulars:

    a.  Defendant is vicariously liable for acts and omissions of its employee, agent, and/or servant Defendant Dwaine Gibson;

    b.  In failing to properly train defendant driver Dwaine Gibson;

    c.  In failing to properly investigate the background of defendant driver Dwaine Gibson;

    d.  In negligently hiring defendant driver Dwaine Gibson; and

    e.  In allowing defendant driver Dwaine Gibson to operate its vehicle when they knew or should have known he was not qualified to do same.

*Id.* at Count II (emphasis added). Plaintiff Leonard Andrews repeated these same allegations, verbatim, against Defendant D2 Logistics Inc. in Count IV.

3

## **STATEMENT OF QUESTIONS INVOLVED**

A. Whether Plaintiffs' claims of punitive damages against Dwaine Gibson and D2 Logistics Inc. in Counts I and III should be dismissed, and allegations of "outrageous," "malicious," "wanton," "willful," and/or "reckless" conduct throughout the Complaint should be stricken, where Plaintiffs have failed to allege sufficient facts to establish their entitlement to punitive damages against either Defendant?

Suggested Answer: Yes.

B. Whether Plaintiffs' allegations in Paragraphs 15(d, f, and g), 20(d), 24(d, f, and g), and 29(d) are so vague and ambiguous that they should be stricken from Plaintiffs' Complaint if they cannot be re-pleaded by Plaintiffs with the requisite level of specificity?

Suggested Answer: Yes.

## **ARGUMENT**

Defendants move, pursuant to Rule 12(b)(6), to dismiss Plaintiffs' punitive damages claims against Dwaine Gibson and D2 Logistics Inc. in Counts I and III of Plaintiffs' Complaint. Under Pennsylvania law, punitive damages are an "extreme remedy" that is available in only the most exceptional matters. To justify the imposition of punitive damages, a defendant must be found to have acted in an intentional, willful, wanton or reckless manner – a standard that exceeds either negligence or gross negligence. In their Complaint, Plaintiffs, even under the relaxed Federal pleading standards, have failed to set forth <u>sufficient facts</u> to support their punitive damages claims against either Dwaine Gibson or D2 Logistics Inc.

Accordingly, Defendants move to have the punitive damages claims in Counts I and III dismissed, along all references to punitive damages, as well as all allegations of "outrageous," "malicious," "wanton," "willful," and/or "reckless" conduct throughout the Complaint, stricken.

Defendants are also moving for a more specific statement pursuant to Rule 12(e) with regard to the allegations in the following paragraphs: Paragraphs 15(d, f, and g), 20(d), 24 (d, f, and g), and 29(d). These paragraphs consist of vague, open-ended, and/or catch-all allegations of negligence, failing to meet the specificity required by Rule of Civil Procedure 8 and the interpreting case law, placing Defendants at a disadvantage in responding to Plaintiffs' Complaint and preparing their defenses to Plaintiffs' claims.  Accordingly, Plaintiffs should be required to re-plead the above-cited allegations with greater specificity, or – if Plaintiffs cannot do so – the above-cited allegations should be stricken from their Complaint.

**A.    Plaintiffs' claims of punitive damages against Dwaine Gibson and D2 Logistics Inc. in Counts I and III should be dismissed, and the allegations of "outrageous," "malicious," "wanton," "willful," and/or "reckless" conduct throughout the Complaint should be stricken, because Plaintiffs have failed to allege sufficient facts to establish their entitlement to punitive damages against either Defendant.**

**1.    Standard of review applicable to a motion to dismiss:**

When considering a motion to dismiss, the Court must take all of the material allegations of the complaint as true and construe them in a light most favorable to

the plaintiff. *Developers Sur. & Indem. Co. v. Mathias*, 2013 U.S. Dist. LEXIS 173973, *8-9 (M.D. Pa. 2013) (citing *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)). However, the court is not required to credit allegations or conclusions of law, bald or unsupported conclusions, or unwarranted inferences. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). Moreover, the court has an obligation "to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998). In other words, the court is to evaluate the allegations of the complaint in "a realistic, rather than a slavish, manner." *Id.*

The complaint, or those portions complained of, may be dismissed where it is clear that, even taking plaintiff's factual allegations as true, the plaintiff has failed to set forth a facially plausible claim for relief. *Developers Sur.*, 2013 U.S. Dist. LEXIS 173973, *8-9 (M.D. Pa. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Stated otherwise, the objectionable claims may be dismissed where, even when taking plaintiff's allegations as true, plaintiff would be unable to prevail under any set of facts or theory of law. *Id.* at *7; *see also D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). While the plaintiff is not

required to provide detailed factual allegations, the plaintiff does have to allege the grounds for his entitlement to relief, which requires the plaintiff to plead more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 670; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

> **2.    Standard for assessment of punitive damages in Pennsylvania:**

Because courts sitting in diversity cases must apply state substantive law, Pennsylvania's law regarding claims for punitive damages is applicable. *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 825 (3d Cir. 1994). Under Pennsylvania law, punitive damages must be supported by evidence of conduct more serious than the commission of an underlying tort. *See Franklin Music Co. v. Am. Broad. Cos.*, 616 F.2d 528, 542 (3d Cir. 1979); *Allstate Ins. Co. v. A.M. Pugh Associates, Inc.*, 604 F. Supp. 85, 99 (M.D. Pa. 1984). As the Pennsylvania Supreme Court has explained:

> Our case law makes it clear that punitive damages are an "extreme remedy" available in only the most exceptional matters. Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either "the defendant's evil motive or his reckless indifference to the rights of others." A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." Thus, showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed. Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that

the defendant's acts amounted to "intentional, willful, wanton, or reckless conduct…"

*Phillips v. Cricket Lighters*, 883 A.2d 439, 445-46 (Pa. 2005) (citations omitted) (alterations in original). Mere inadvertence, mistake or errors of judgment do not constitute reckless indifference. *See Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 983-84 (Pa. Super. 2005).

In determining whether punitive damages should be awarded, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless, or malicious." *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984). To establish recklessness, a plaintiff must plead facts to demonstrate that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005); *see also Field v. Philadelphia Electric Co.*, 565 A.2d 1170, 1184 (Pa. Super. 1989). To establish willfulness, a plaintiff <u>must plead facts</u> that demonstrate that "the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue." *Evans v. Philadelphia Transportation Company*, 212 A.2d 440, 443 (Pa. 1965).

### 3. The claims for punitive damages against Gibson must be dismissed.

Plaintiffs' claims for punitive damages against Gibson are contained in Count I and III of the Complaint. However, Plaintiffs' Complaint does not include any

factual allegations to warrant a reasonable inference that Gibson (1) had a subjective appreciation of facts that posed a high degree of risk to the Plaintiffs, yet (2) deliberately proceeded to act, or failed to act, in conscious disregard of that risk – the essential elements for establishing that a defendant acted recklessly. Plaintiffs do not set forth any facts to warrant an inference that Gibson knew that his alleged actions would result in serious injury to others and deliberately proceeded to take the actions (or omissions) alleged in Paragraphs 15 and 24 in conscious disregard of a known risk to Plaintiffs.

Sparse factual allegations, coupled with bald, boilerplate conclusions of law that lack any factual support whatsoever, are insufficient to establish a facially plausible claim for punitive damages. There simply are no facts alleged in the Complaint that take Plaintiffs' claims outside of a standard negligence claim

Plaintiffs should be required to plead facts to satisfy a facially plausible case for punitive damages. Here, there are no facts pleaded that support a claim for punitive damages. Accordingly, Plaintiffs' punitive damages claim against Gibson in Count I and III of their Complaint should be dismissed, and all references to punitive damages, as well as all allegations of "outrageous," "malicious," "wanton," "willful," and/or "reckless" conduct throughout the Complaint, should be stricken.

**4.      Any claims for punitive damages against D2 Logistics Inc. must be dismissed.**

Although Plaintiffs do not assert specific claims for punitive damages in Counts II and IV, they do assert that D2 Logistics Inc. was "reckless". For the reasons discussed above, Plaintiffs have not sufficiently pleaded a claim for punitive damages against Gibson and, as such, D2 Logistics Inc. cannot be held vicariously liable for punitive damages. Moreover, Plaintiffs have failed to plead sufficient facts to support a direct claim for punitive damages against D2 Logistics Inc.

Plaintiffs do not set forth any facts that D2 Logistics Inc. knew that its alleged actions would result in serious injury to other drivers, or that it deliberately proceeded to take the actions (or omissions) alleged in conscious disregard of a known risk to Plaintiffs or other motorists. Plaintiffs do not set forth any facts to support an inference that Gibson would engage in the alleged culpable conduct of which he is accused. *See Achey v. Crete Carrier Corp.*, 2009 U.S. Dist. LEXIS 44353, *14 (E.D. Pa. 2009) (holding that a trucking company cannot be held directly liable for punitive damages where it did not have a conscious appreciation that its driver may engage in the alleged culpable conduct that forms the basis for the claim); *Gregory v. Sewell*, 2006 U.S. Dist. LEXIS 97291, *24 (M.D. Pa. 2006) (same). Plaintiffs' allegations are insufficient to plead a cognizable claim for punitive damages directly against D2 Logistics Inc.

10

Accordingly, Plaintiffs' assertion of recklessness against D2 Logistics Inc. in Counts II and IV of the Complaint should be dismissed, and all references to punitive damages, as well as all allegations of "outrageous," "malicious," "wanton," "willful," and/or "reckless" conduct throughout the Complaint, should be stricken.

**B.     Plaintiffs' allegations in Paragraphs 15(d, f, and g), 20(d), 24(d, f, and g), and 29(d) are so vague and ambiguous that they should be stricken from Plaintiff's Complaint if they cannot be re-pleaded by Plaintiffs with the requisite level of specificity.**

Federal Rule of Civil Procedure 8 provides that, in order to satisfy the requisites of notice pleading, "[a] pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claims showing that the pleader is entitled to relief …." F.R.C.P. 8(a)(2). Stated otherwise, a complaint must give the defendant fair notice of the claim and the grounds on which it rests. *Pozarlik v. Camelback Associates, Inc.*, 2011 U.S. Dist. LEXIS 137310, \*6 (M.D. Pa. 2011). While most allegations will be sufficient to overcome a claim of lack of specificity, the Federal rules are not without their limits. The factual detail in a complaint may not be so undeveloped that it does not provide the defendant with sufficient notice of the claim as contemplated in Rule 8. *Id.* Thus, Rule 12(e) provides that a party may move for a more definite statement where the allegations are "so vague or ambiguous that the party cannot reasonably prepare a response."

In *Pozarlik v. Camelback Associates, Inc.*, 2011 U.S. Dist. LEXIS 137310 (M.D. Pa. 2011), the court considered a motion for a more definite statement as to

allegations similar to those that Defendants challenge in this case. In *Pozarlik*, the court, in granting the defendant's motion for a more definite statement as to certain allegations of negligence, held as follows:

> However, in ¶ 47(f) and (m), the Pozarliks allege Queensboro was negligent in failing to exercise reasonable care at the property, "including but not limited to" twelve different theories, as well as "**such other negligence**, if any, that will be ascertained during discovery." The broad, conclusory allegations here and the "including but not limited to" language fail to put Queensboro on notice as to what it is accused of and leave it exposed to liability for any possible form of negligence. Finally, the allegations of ¶ 47(b), (f)(iii), and (l) also need to be better defined. These allegations state that Queensboro was negligent in:
>
>> **Failing to abide by the rules** and regulations of the condominium and condominium association with respect to work at the units; **failing to ensure that proper techniques were employed**, and applicable safety procedures followed, as to the use of power tools and equipment at the subject property; [and] … **violating the standards of care prescribed by** statues, **rules**, regulations, ordinances, codes, and/or industry customs applicable to this action.
>
> Clearly, Queensboro cannot be asked to answer such vague and sweeping allegations, incorporating potentially **innumerable state and federal laws**. There is a need to identify the rules, regulations, and laws that have allegedly been violated. Even under the liberal pleading standard of Fed. R. Civ. P. 8(a), such claims are insufficient and need to either be further clarified or removed. The Pozarliks will need to re-tool their allegations so that Queensboro can adequately respond and prepare its defense.

*Id.* at \*9-10 (emphasis added).

As discussed below, several allegations in the Complaint are so vague that they should be stricken if Plaintiff cannot re-plead them with greater specificity.

### 1.    Allegations of violations of unspecified regulations or rules – Paragraphs 15(d) and 24(d):

Plaintiffs allege that Defendant Dwaine Gibson violated "rules of the road" without specifying any particular statutes, regulations, or rules that were violated:

> 15. The Plaintiff's injuries and damages are a direct result and factual result of the negligence and reckless indifference to others conduct (sic) of Defendant Dwaine Gibson as follows:
>
> ***
>
> d. In failing to follow the rules of the road;

Paragraph 24(d) is identical. Like the alleged violations of unspecified statutes, regulations, rules, etc. in the *Pozarlik* case, the Plaintiffs' above-cited allegations fail to contain the required level of specificity. *See Pozarlik*, 2011 U.S. Dist. LEXIS 137310 at *9-10; *Gregg v. Lonestar Transp.*, LLC, 2015 U.S. Dist. LEXIS 27680, *12-13 (W.D. Pa. 2015) (granting a motion for a more definite statement with regard to an allegation that a defendant violated laws and regulations governing motor vehicles, "including, but not limited to" one specific regulation, because it was overly vague and left open the possibility that plaintiff could pursue a claim under any number of unspecified laws and regulations). There are an extraordinary number of sections in the Federal Motor Carrier Safety Regulations (FMCSR) and Pennsylvania Motor Vehicle Code (MVC) that govern all manners of operation of commercial motor vehicles. Plaintiffs' allegations leave Defendants to guess at

which FMCSR and MVC sections Plaintiffs believe that Defendants violated – an almost impossible task. Moreover, Plaintiffs' broad, open-ended allegations leave open the potential that Plaintiffs will later assert that Defendants violated any number of statutes, regulations and ordinances as the case progresses, essentially providing Plaintiffs with free, unchecked license to amend or change their theories of liability throughout the pendency of the lawsuit.

So that Defendants can respond to Plaintiffs' Complaint, and prepare their defense to Plaintiffs' claims, Plaintiffs should be required to re-plead the above-cited allegations with greater specificity, including the specific sections of the statutes, regulations, rules and/or ordinances.  If Plaintiffs cannot re-plead the above-cited allegations, then these allegations should be stricken from the Complaint.

> **2.    Vague and/or open-ended allegations of negligence – Paragraphs 15(f and g), 20(d), 24(f and g), and 29(d):**

Plaintiffs include vague and/or open-ended allegations of negligence that do not meet the Federal Rules pleading requirements. For example, Plaintiffs allege Defendants were negligent without specifying any negligent actions:

Paragraphs 15(f) and 24(f) – causing the collision with the Plaintiff's vehicle;

Paragraphs 15(g) and 24(g) – otherwise failing to exercise reasonable care and caution under the circumstances; and

Paragraph 20(d) and 29(d) – negligently hiring defendant driver Dwaine Gibson.

14

These paragraphs contain no factual details about how Defendants failed to exercise due care or regard for other motorists and are mere surplusage to the allegations of negligence contained in other paragraphs of the Complaint. Plaintiffs should be required to state, with factual specificity, the alleged actions that Defendants took (or failed to take), to the extent that there are additional actions beyond those already alleged in the Complaint. Otherwise, these paragraphs are essentially open-ended allegations of negligence that provide the possibility that Plaintiffs could introduce new and/or different theories of recovery against Defendants as the case proceeds. Unless Plaintiffs have additional, specific allegations of negligence to plead in the Complaint, these allegations should be stricken.

## **CONCLUSION**

As discussed herein, Plaintiffs have failed to plead sufficient facts to support a facially plausible claim for punitive damages against either Dwaine Gibson or D2 Logistics Inc. As such, Defendants Motion to Dismiss should be granted, the claims for punitive damages in Counts I and III should be dismissed, and all references to punitive damages, as well as all allegations of "outrageous," "malicious," "wanton," "willful," and/or "reckless" conduct throughout the Complaint, should be stricken.

Plaintiff has also failed to plead his allegations in Paragraphs 15(d, f, and g), 20(d), 24(d, f, and g), and 29(d) with sufficient specificity. As such, Plaintiff should be required to re-plead the above-cited allegations with greater specificity, or – if

Plaintiff is unable do so – the above-cited allegations should be stricken from the Complaint.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

PION, NERONE, GIRMAN WINSLOW
    & SMITH, P.C.


By:   /s/Paul A. Custer            
        John T. Pion
        PA ID No. 43675
        jpion@pionlaw.com
        Paul A. Custer
        PA ID No. 87628
        pcuster@pionlaw.com

        1500 One Gateway Center
        420 Fort Duquesne Boulevard
        Pittsburgh, PA  15222
        412-281-2288
        Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Brief in Support of Rule 12(b)(6) Motion to Dismiss and Rule 12(e) Motion for a More Definite Statement was filed with the Clerk via the CM/ECF Document Filing System and served upon counsel of record, via the Court's Electronic Filing Notification, this 26th day of May, 2021 as follow:

Scott D. Glassmith, Esquire
Gismondi & Associates, P.C.
310 Grant Street, Suite 700
Pittsburgh, PA  15219
sdg@gislaw.com
*Counsel for Plaintiffs*

PION, NERONE, GIRMAN WINSLOW
& SMITH, P.C.

By:    /s/Paul A. Custer
             Paul A. Custer