# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA ANDREWS and<br>LEONARD ANDREWS, | CIVIL ACTION |
| Plaintiffs, | No.: 1:21-cv-00869-YK |
| v. | |
| D2 LOGISTICS, INC. and<br>DWAINE GIBSON, | |
| Defendants. | |

**REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION
TO DEFENDANTS' RULE 12(b)(6) and RULE 12(e) MOTIONS**

Defendants file the instant Reply to note that Plaintiffs have included facts and allegations in their Brief in Opposition which are <u>not</u> included in their Complaint, furthering Defendants' point that the Complaint fails to set forth sufficient facts to support a claim for punitive damages as well as sufficient information to allow Defendants to prepare a defense to certain overly broad and vague allegations in their Complaint.

**A. Defendants' Motion Pursuant to Rule 12(b)(6) Should be Granted**

Initially, on Page 2 of Plaintiffs' Brief (ECF Doc. 15), Plaintiffs state that Defendant Dwayne Gibson "block[ed] both lanes of oncoming traffic" after making a U-turn on I-81. Further down on Page 2, Plaintiffs also assert that Defendant Gibson "crossed both southbound lanes completely blocking all traffic." At the end

of the first paragraph on Page 6, Plaintiffs allege that Mr. Gibson "deliberately proceeded to block two-lanes (sic) of oncoming traffic on a major interstate."

Nowhere in their Complaint do Plaintiffs allege that Mr. Gibson blocked traffic. These allegations are entirely new and lie only in their Brief in Opposition. Even if the Plaintiffs had raised these allegations in their Complaint, they would still not give rise to a claim for punitive damages, but may give rise to a claim of negligence.

Plaintiffs also allege on Page 2 of their Brief that the "cross-median was clearly marked only for emergency vehicles, which Mr. Gibson disregarded". On Page 3 the allege "Mr. Gibson's decision to disregard clear signage posted to prevent [U-turns]". On Page 6 the state that Mr. Gibson "disregarded the posted signs". On Page 7 they claim that there was "obvious road signage" that Mr. Gibson ignored and that "the current fact pattern of blatant disregard of safety signs warrants [punitive damages]."

To be clear, there is not one single allegation in the Complaint about any signage on the roadway or the cross-median or that Mr. Gibson ignored that signage. Again, even if the Plaintiffs asserted those same allegations in their Complaint, they would not justify a claim for punitive damages.

On Page 8 of their Brief, Plaintiffs inappropriately cite to the police report from this accident. The Defendants' Motion is focused solely on the allegations contained in the Complaint. Therefore, all references to facts or documents outside

the Complaint should be ignored by the Court pursuant to Federal Rule of Civil Procedure 12(d). This is especially the case because Plaintiffs had the opportunity to file an Amended Complaint to add additional facts or allegations, per Order of Court (see ECF Doc. 13), but instead chose to rely on the facts pleaded in their Complaint.

Plaintiffs also argue that disregarding a stop sign or a red light "would clearly be considered reckless", yet cite no case law for the proposition. The only case that Plaintiffs do cite for the proposition that punitive damages are appropriate was *Ferranti v. Martin*, where a truck driver was following too closely, resulting in a rear end accident.[1] The *Ferranti* case has no factual similarities to the case at issue, not to mention that the Court's Memorandum was issued in response to motions *in limine* and a motion to strike – after discovery was completed – which is clearly at a distinct procedural posture than our case. The issue in Defendants' Motion is whether the Plaintiffs have pleaded sufficient facts <u>in their Complaint</u> to warrant a claim for punitive damages.

Plaintiffs' most glaring error in their Brief is contained in the conclusion on Page 7 that "Mr. Gibson was also driving a large tractor trailer, i.e. an 'eighteen-wheeler', which poses an even greater risk compared to smaller, more maneuverable

---

[1] It should be noted that the *Ferranti* Complaint included an allegation that the defendant truck driver crashed into the rear bumper of plaintiff's vehicle so violently that his "license plate numbers were imprinted in the bumper of" Ferranti's car.

vehicles." In other words, Plaintiffs argue that this Court should find that simply because Mr. Gibson was operating a tractor-trailer punitive damages are warranted because of trucks are big. This is not the law. Plaintiffs give away the game by ignoring the fact that there is no heightened standard of care for truck drivers and that Pennsylvania has no rule or law that awards punitive damages, *per se*, in tractor-trailer accident cases.

Without rehashing the high standard for punitive damages that the courts in Pennsylvania have intentionally set, which is laid out in Defendants' Motion and supporting Brief, the Third Circuit has noted that punitive damages must be supported by evidence of conduct <u>more serious than the commission of an underlying tort</u>. *See Franklin Music Co. v. Am. Broad. Cos.*, 1616 F.2d 528, 542 (3d Cir. 1979; *Allstate Ins. Co. v. A.M. Pugh Associates, Inc.*, 604 F.Supp. 85, 99 (M.D. Pa. 1984). The Plaintiffs have failed to plead <u>in their Complaint</u> anything "more serious" than making an improper U-turn. The facts alleged in the Complaint may give rise to a negligence claim, but they do not get over the intentionally high bar set for punitive damages. Therefore, Plaintiffs' allegations of outrageous, malicious, wanton, willful and/or reckless conduct should be stricken from the Complaint.

### B. <u>Defendants' Motion Pursuant to Rule 12(e) Should be Granted</u>

Defendants appreciate that Plaintiffs have stipulated to the dismissal of Paragraphs 15(d and g), 20(d), 24 (d and g), and 29(d) from the Complaint.

4

Defendants reiterate their arguments set forth in their Motion for a More Definite Statement that Plaintiffs must give the Defendants fair notice of what claims they are asserting and the grounds on which they rest. *Pozarlik v. Camelback Associates, Inc.*, 2011 U.S. Dist. LEXIS 137310, *6 (M.D. Pa. 2011). The overly broad allegation contained in Paragraphs 15(f) and 24(f) that Defendant was negligent "In causing the collision with the Plaintiff's vehicle" is so broad that it permits Plaintiffs to rely on any number of statutes, regulations, or laws to support their claim. Plaintiff should be required to plead with more particularity, or as noted above, have the paragraphs stricken because Plaintiffs were given an opportunity to Amend their Complaint but chose not to.

    Respectfully submitted,

    PION, NERONE, GIRMAN WINSLOW
      & SMITH, P.C.

    By:   /s/Paul A. Custer
        John T. Pion
        PA ID No. 43675
        tsmith@pionlaw.com
        Paul A. Custer
        PA ID No. 87628
        pcuster@pionlaw.com

        1500 One Gateway Center
        420 Fort Duquesne Boulevard
        Pittsburgh, PA  15222
        412-281-2288
        Counsel for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) and RULE 12(e) MOTIONS** was filed with the Clerk via the CM/ECF Document Filing System and served upon counsel of record, via the Court's Electronic Filing Notification, this 22nd day of June, 2021 as follow:

Scott D. Glassmith, Esquire
Joseph R. Froetschel, Esquire
Gismondi & Associates, P.C.
310 Grant Street, Suite 700
Pittsburgh, PA  15219
sdg@gislaw.com
jrf@gislaw.com
*Counsel for Plaintiffs*

                              PION, NERONE, GIRMAN WINSLOW
                                    & SMITH, P.C.


                    By:    /s/Paul A. Custer
                              Paul A. Custer