**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTHA ANDREWS, et al.,** | : | **Civil No. 1:21-CV-869** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **D2 LOGISTICS, INC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OPINION**

## I.   Statement of Facts and of the Case

This case, which has been removed by the defendants to federal court, arises out of an automobile accident that occurred on September 30, 2019. (Doc. 1-1). The circumstances surrounding this accident are described in a ten-page, thirty-one-paragraph complaint filed by the plaintiff. (Doc. 1-1). This complaint alleges that Defendant Dwaine Gibson was a professional driver employed by D2 Logistics, a New Jersey company. (Id.) On September 30, 2019, Gibson was traveling northbound on I-81 in Dauphin County, Pennsylvania, when he decided to make an illegal U-turn onto the southbound lanes of the highway. (Id., ¶¶ 7-8). In executing this illegal U-turn, it is alleged that Gibson's tractor trailer crossed both the left and right hand southbound lanes of the highway in front of a vehicle operated by Leonard

1

Scott Andrews in which Martha Andrews was a front seat passenger. The Andrews'
car collided with the tractor trailer operated by Gibson and the Andrews had to be
transported to the Milton Hershey Medical Center for treatment of multiple fractures
and other injuries. (Id., ¶¶ 9-13, 16, 25).

The plaintiffs now bring four claims against Gibson and his employer, D2
Logistics, lodging claims of negligence and recklessness against these defendants
and seeking both compensatory and punitive damages. (Id., Counts I-IV). With
respect to Defendant Gibson, the complaint alleges that Gibson's conduct was
reckless in the following respects:

15. The Plaintiff's injuries and damages are a direct and factual result
of the negligence and reckless indifference to others conduct of
Defendant Dwaine Gibson as follows:

a. In making an illegal U-turn using a cross-median for
emergency turnarounds;
b. In making an improper entrance to the highway;
c. In failing to pay proper and reasonable attention to other
vehicles on the road;
d. In failing to follow the rules of the road;
e. In driving into the Plaintiff's lane of travel;
f. In causing the collision with the Plaintiff's vehicle; and
g. In otherwise failing to exercise reasonable care and caution
under the circumstances.

***

18. Defendant Dwaine Gibson's conduct on or about September 30,
2019 was outrageous as he acted in a malicious, wanton, willful, and/or
oppressive manner. Moreover, Defendant Dwaine Gibson's conduct

2

showed a reckless indifference to the interests of others. Thus, Plaintiff seeks punitive damages against Defendant Dwaine Gibson.

(Id. ¶¶ 15, 18).

As for Defendant D2 Logistics, the plaintiffs' claims of recklessness and prayer for punitive damages is supported by the following additional averments:

20. Defendant, D2 Logistics Inc., by and through its servants, agents, and/or employees, was negligent, careless, and/or reckless in the following particulars:

a. Defendant is vicariously liable for acts and omissions of its employee, agent, and/or servant Defendant Dwaine Gibson;
b. In failing to properly train defendant driver Dwaine Gibson;
c. In failing to properly investigate the background of defendant driver Dwaine Gibson;
d. In negligently hiring defendant driver Dwaine Gibson; and
e. In allowing defendant driver Dwaine Gibson to operate its vehicle when they knew or should have known he was not qualified to do same.

(Id. ¶ 20).

It is against the backdrop of these well-pleaded facts that the defendants have moved to dismiss the plaintiffs' punitive damages claims at the outset of this litigation arguing that the complaint fails as a matter of law to state a claim upon which punitive damages may be awarded. (Doc. 10). In the alternative, Gibson and D2 seek a more definite statement of these claims pursuant to Rule 12(e) and have requested that certain averments in the complaint be stricken. Thus, it is against the backdrop of these well-pleaded facts that we are asked to conduct a preliminary

assessment of whether the plaintiff has alleged sufficient facts to pursue a Pennsylvania state law claim for punitive damages grounded upon allegations of reckless conduct by the defendants.

At this juncture, where our review is cabined and confined to the well-pleaded facts set forth in the complaint, we conclude that this complaint satisfies federal pleading standards and the plaintiff's allegations, if proven, could support a claim for punitive damages under Pennsylvania law. Therefore, we will deny these motions to dismiss without prejudice to renewal of these claims, if appropriate, at summary judgment upon a fully developed factual record.

As for the defendants' motion for a more definite statement of these punitive damages claims, finding that the defendants' request for a more definite statement in this case seems directed at obtaining additional factual and evidentiary details in support of these punitive damages and negligent entrustment claims, a task which is better suited to the discovery process rather than a motion for more definite statement, this request will also be denied.

Finally, we note that the plaintiffs have stipulated to the dismissal of Paragraphs 15(d and g), 20(d), 24 (d and g), and 29(d) from the complaint. (Doc. 15 at 11). In light of this stipulation, these paragraphs of the complaint will be stricken.

## II.   Discussion

### A.   Motion to Dismiss–Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.,

20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather,

6

in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The

7

> plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the

8

plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## B.   Punitive Damages Under Pennsylvania Law

Defendant Gibson and D2 Logistics are charged in a multi-count complaint with negligent and reckless conduct. To the extent that these counts bring claims for punitive damages under state law, Pennsylvania sets an exacting standard for the award of punitive damages in tort cases:

> Pennsylvania has adopted Section 908 of the Restatement (Second) of Torts, which provides that punitive damages may be "awarded to

punish a defendant for outrageous conduct, which is defined as an act which, in addition to creating 'actual damages, also imports insult or outrage, and is committed with a view to oppress or is done in contempt of plaintiffs' rights.' ... Both intent and reckless indifference will constitute a sufficient mental state." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 235 (3d Cir. 1997) (quoting Delahanty v. First Pa. Bank, N.A., 318 Pa.Super. 90, 464 A.2d 1243, 1263 (1983)).

W.V. Realty, Inc. v. N. Ins. Co., 334 F.3d 306, 318 (3d Cir. 2003).

As the Pennsylvania Supreme Court has observed:

The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 506 Pa. 383, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); see also Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. See SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 704 (1991); Feld, 485 A.2d at 747-48; Chambers, 192 A.2d at 358. See also Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908 (1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." See Feld, 485 A.2d at 748; see also Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1097 n. 12 (1985) (plurality opinion).

10

<u>Hutchison ex rel. Hutchison v. Luddy</u>, 582 Pa. 114, 121-22, 870 A.2d 766, 770-71 (2005).

In <u>Hutchinson</u> the Pennsylvania Supreme Court also:

[S]et forth the standard the courts are to apply when called upon to determine whether the evidence supports a punitive damages award on such a basis. Noting that Comment b to Section 908(2) of the Restatement refers to Section 500 as defining the requisite state of mind for punitive damages based on reckless indifference, this Court turned to Section 500, which states:

§ 500 Reckless Disregard of Safety Defined: The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. Restatement (Second) of Torts § 500.

<u>Id.</u>, at 771. Noting that Section 500 set forth two very different types of state of mind as to reckless indifference, the Pennsylvania Supreme Court adopted the narrower reading of this state of mind requirement when addressing punitive damage claims, concluding that "in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." <u>Id.</u>, at 772.

In motor vehicle accident cases where claims for punitive damages are pleaded by plaintiffs, defendants often invite courts to dismiss these punitive damage

11

claims at the outset of the litigation. Yet, such invitations, while frequently made by defendants, are rarely embraced by the courts. Instead, courts often deny requests to dismiss punitive damages claims in motor vehicle accident cases at the outset of litigation. See e.g., Kerlin v. Howard, No. 4:18-CV-00481, 2018 WL 4051702, at *1 (M.D. Pa. Aug. 24, 2018); Wydra v. Bah, No. 3:15-CV-1513, 2016 WL 297709, at *2 (M.D. Pa. Jan. 22, 2016); Cobb v. Nye, No. 4:14-CV-0865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014) (citing Young v. Westfall, No. 4:06–CV–2325, 2007 WL 675182, at *2 (M.D.Pa. Mar. 1, 2007) (denying motion to dismiss punitive damages in negligence accident involving a tractor-trailer)); Ferranti v. Martin, No. 3:06-CV-1694, 2007 WL 111272, at *2 (M.D. Pa. Jan. 19, 2007) (Munley, J.) (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery).

As a general rule, the courts have deemed such motions to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct. Moreover, because the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone, but must await the development of a full factual record at trial. See generally, In re Lemington Home for the Aged, 777 F.3d 620, 631 (3d Cir. 2015). Therefore, where a plaintiff's right to punitive damages may turn on the significance afforded to disputed factual

questions, defendants are not entitled to a judgment in their favor on the plaintiff's punitive damages claims as a matter of law at the outset of the litigation. See Burke v. TransAm Trucking, Inc., 605 F.Supp.2d 647, 649 (M.D. Pa. 2009); Garden State Tire Realty Corp. v. R.K.R. Hess Assocs., Inc., 762 F. Supp. 92, 93 (M.D. Pa. 1990).

### C.   **Negligent Entrustment Under Pennsylvania Law**

As we construe the complaint it also brings a claim of negligent entrustment against D2 Logistics. Pennsylvania law recognizes a cause of action for negligent entrustment. In prescribing this cause of action, Pennsylvania courts are guided by the Restatement (Second) of Torts. Thus:

> In regard to negligent entrustment, Pennsylvania follows Section 308 of the Restatement of the Law (Second) of Torts. See Fakes v. Terry, No. 15-cv-01574, 2018 WL 1382513, at *5 (W.D. Pa. Mar. 19, 2018) (citing Knecht v. Balanescu, No. 16-cv-00549, 2017 WL 4573796, at *7 (M.D. Pa. Oct. 13, 2017)); see also Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. Ct. 1998). Section 308 provides:
>
>> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.
>
> Restatement (Second) of Torts § 308. Accordingly, to prevail on a negligent entrustment claim in the instant context, a plaintiff must show that the defendant "(1) permitted [a third party], (2) to operate its [automobile], and (3) that [the defendant] knew or should have known that [the third party] intended to or was likely to use the [automobile] in such a way that would harm another." Fakes, 2018 WL 1382513, at *5 (citing Knecht, 2017 WL 4573796).

Whetstone v. Malone Bussing Servs., No. 2:19-CV-00071-MJH, 2019 WL 1459022, at *2–3 (W.D. Pa. Apr. 2, 2019).

Like the factors generally governing punitive damages liability under Pennsylvania law, many of these considerations that define negligent entrustment culpability are fact-specific and fact-dependent. Therefore, resolution of legal challenges to negligent entrustment claims, like those made here, is often more appropriate at summary judgment, where undisputed facts beyond the pleadings themselves may be considered. See Youells v. Dzakpasu, No. 3:19-CV-633, 2019 WL 3046300, at *6 (M.D. Pa. June 24, 2019), report and recommendation adopted, No. 3:19-CV-633, 2019 WL 3063530 (M.D. Pa. July 11, 2019); Knecht v. Balanescu, No. 4:16-CV-00549, 2017 WL 4573796, at *8 (M.D. Pa. Oct. 13, 2017); Fakes v. Terry, No. 2:15-CV-01574, 2018 WL 1382513, at *5 (W.D. Pa. Mar. 19, 2018).

These legal benchmarks guide us in consideration of these motions to dismiss the plaintiffs' punitive damages claims.

## C.   These Motions to Dismiss Should Be Denied.

Defendants Gibson and D2 Logistics have moved to dismiss the punitive damages claims set forth in this complaint, alleging that the well-pleaded facts described in this ten-page, thirty-one-paragraph complaint are insufficient to state a claim upon which relief may be granted.

We disagree.

Recognizing that federal pleading requirements set a plausibility standard for civil complaints, we acknowledge that, "[a] complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012) (citing Iqbal, 129 S. Ct. at 1949). In the instant case, fairly construed, this civil complaint meets the pleading requirements prescribed by federal law in that it states a plausible and legally sufficient claim for punitive damages. While we recognize that the plaintiff will ultimately be required to satisfy an exacting burden of proof to sustain these state law punitive damages claims, at this stage of the litigation, where we are considering a motion to dismiss, we find that the plaintiffs have alleged sufficient well-pleaded facts to permit this case to proceed forward on these punitive damages claims.

Accepting the well-pleaded facts set forth in the complaint, as we must when examining a motion to dismiss, it describes an accident that resulted from an illegal and allegedly reckless act by Defendant Gibson; namely, Gibson's illegal U-turn on I-81 into two lanes of on-coming traffic. Further, it is alleged that D2 negligently hired Gibson, failed to investigate his background, and failed to properly train this driver.

As we have noted, Pennsylvania law sets a high and exacting standard for the award of punitive damages. "[I]n Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison, 870 A.2d at 772. While this is a precise burden of pleading and proof, the well-pleaded facts set forth in the complaint plausibly state claims for punitive damages under Pennsylvania law since, fairly construed, this complaint alleges that reckless behavior caused this fatal accident. Such averments, as a matter of pleading, are sufficient to state a claim for punitive damages in this factual setting. See e.g., Kerlin, 2018 WL 4051702, at *1; Wydra, 2016 WL 297709, at *2; Cobb, 2014 WL 7067578, at *4 (citing Young, 2007 WL 675182, at *2 (denying motion to dismiss punitive damages in negligence accident involving a tractor-trailer)); Ferranti, 2007 WL 111272, at *2 (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery). Therefore, when viewed in the light of these well-pleaded facts set forth in the complaint, a basis lies in this case for a claim of punitive damages against the defendants. Accordingly, the defendants are not entitled to the dismissal of this punitive damages claim at the outset of this litigation, and this motion to dismiss should be denied. See Burke, 605 F.Supp.2d at 649 (denying summary judgment on punitive damages claim); Garden

16

<u>State Tire Realty Corp.</u>, 762 F. Supp. at 93 (denying motion to dismiss punitive damages claim).

Of course, this judgment rests solely upon our assessment of the pleadings. Therefore, should the discovery process reveal undisputed facts which negate any claim of recklessness on the part of the defendants, these defendants should feel free to renew these claims through a properly documented motion for summary judgment. In the meanwhile, however, for the foregoing reasons the Defendants' Motion to Dismiss, (Doc. 10) will be DENIED.

### E.   <u>We Will Also Decline to Order a More Definite Statement Pursuant to Rule 12(e).</u>

In the alternative, the defendants have asked the court to consider ordering the plaintiffs to provide a more definite statement of their claims than the ten-page civil complaint that they have filed. The defendants make this request pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, which provides, in part, that the court may order a party to prepare: "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Further, under this rule "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). As the Court of Appeals has stated:

> Under Rule 12(e), [the court may order] a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). . . . . When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense [and an order directing a more definite statement may be appropriate].

Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006).

While rulings regarding motions for more definite statement pursuant to Rule 12(e) rest in the sound discretion of the court, the exercise of that discretion is guided by certain basic principles. As a general rule:

> Rule 12(e) motions are generally disfavored, Horse Soldier, LLC v. Tharpe, No. 1:13-CV-2892, 2014 WL 5312823, at *3 (M.D. Pa. Oct. 17, 2014) (Conner, C.J.), and are reserved for the "rare case" where the unintelligibility or ambiguity of a complaint prevents a defendant from being "able to frame a responsive pleading," Wadhwa v. Sec'y, Dep't of Veterans Affairs, 505 F. App'x 209, 214 (3d Cir. 2012) (nonprecedential) (quoting Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967) ). Rule 12(e) is not meant to supply "greater particularization of information alleged in the complaint or which presents a proper subject for discovery," but instead is reserved for the uncommon situation where a defendant "cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 737 (D.N.J. 2017) (alteration in original) (citations omitted).

Volkmann v. Intertek York - Bldg. Prod. & Bldg. Servs., No. 1:18-CV-781, 2019 WL 247514, at *2 (M.D. Pa. Jan. 17, 2019).

In the instant case it cannot be said that the plaintiffs' complaint is so vague, ambiguous or unintelligible that the defendants would be stymied in their efforts to

frame a responsive pleading. Quite the contrary, the plaintiffs' averments are sufficiently clear and precise to enable a specific factual rejoinder. Thus, in this case, the defendants' request for a more definite statement seems directed at obtaining additional factual and evidentiary details in support of these punitive damages and negligent entrustment claims, a task which is better suited to the discovery process rather than a motion for more definite statement. Therefore, in the exercise of the court's discretion, we will decline the defendants' invitation to direct the plaintiffs to submit a more definite statement of these claims. Youells, 2019 WL 3046300, at *8.

Finally, we note that the plaintiffs have stipulated to the dismissal of Paragraphs 15(d and g), 20(d), 24 (d and g), and 29(d) from the complaint. (Doc. 15 at 11). In light of this stipulation, these paragraphs of the complaint will be stricken.

An appropriate order follows.

s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

DATED: January 19, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTHA ANDREWS, et al.,** | : | **Civil No. 1:21-CV-869** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **D2 LOGISTICS, INC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 19th day of January 2022, in accordance with the accompanying Memorandum Opinion, the Defendants' Motions to Partially Dismiss the Plaintiff's Complaint, to Strike Averments and for a More Definite Statement (Doc.10) is GRANTED in part and DENIED in part as follows:

1. The motion to dismiss is DENIED without prejudice to renewal of these claims, if appropriate, at summary judgment upon a fully developed factual record.

2. The motion for more definite statement is DENIED without prejudice to pursuit of additional information through discovery

3. The plaintiffs having stipulated to the dismissal of Paragraphs 15(d and g), 20(d), 24 (d and g), and 29(d) from the complaint, these averments are STRICKEN.

_s/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge